IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD STEUBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16cv1008-WHA |
| ) | |
| ) | |
| VIRCO INC.; CNA CLAIMSPLUS, INC. *et al.*,) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Remand, filed by the Plaintiff, Ronald Steube on January 3, 2017 (Doc. #3).

The Plaintiff originally filed a Complaint in this case in the Circuit Court of Montgomery County, Alabama.  The Plaintiff brings two claims, alleging that the Defendants failed to pay the Plaintiff's mileage costs for travel to and from his medical and rehabilitation providers and that the Defendants concealed that they were required by Alabama regulatory law to notify the Plaintiff of his entitlement to reimbursement for these expenses.   In Count I, the Plaintiff relies on Ala. Code §25-5-577[1], and in Count II on Section 480-5-5-.36(2) of the Alabama Administrative Code.[2]

---

[1] "The employer shall pay mileage costs to and from medical and rehabilitation providers at the same rate as provided by law for official state travel." Ala. Code § 25-5-77.

[2] "The employer shall notify the injured employee in writing that he is entitled to reimbursement for expenses as stated Code of Alabama, 1975, Sections 25-5-77 (c) and (f). This notice shall be

Plaintiff, Ronald Steube, is a citizen of Alabama. Defendant Virco is incorporated in Delaware and has its principle place of business in California. Defendant CNA ClaimsPlus, Inc. is incorporated in Nevada and has its principle place of business in Illinois.

On December 29, 2016, the Defendants filed a Notice of Removal, stating that this court has diversity jurisdiction in this case.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II.   MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983), cert. denied, 465 U.S. 1103 (1984).   As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.   Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

## III.   DISCUSSION

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).   The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is

---

furnished within two weeks of acceptance of the claim as a compensable work-related injury." Ala. Admin. Code 480-5-5-.36.

met. *Id.* There is, however, a prohibition against the removal of cases which would otherwise meet the diversity jurisdiction requirements when the cases arise under the workmen's compensation laws of a state. 28 U.S.C. §1445(c) (stating "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). The purposes behind the enactment of §1445(c) are to stem the flood of workers' compensation cases removed to federal court and to restrict the cases to state court because they involve purely local disputes implicating no federal concerns. *See Reed v. Heil Co.,* 206 F. 3d 1055, 1060 n.3 (11th Cir. 2000); *Pettaway v. Wayne Poultry Co., a Division of Continental Grain Co.*, 791 F. Supp. 290, 291 (M.D. Ala. 1992).

The Plaintiff, Steube, has moved to remand this case to state court on the ground that his claims arise under the workmen's compensation laws of Alabama and, therefore, cannot be removed to federal court under 28 U.S.C. §1445. Although the Defendants did not acknowledge it in removing the case to this court, the Defendants now concede that Count I is a workers' compensation claim and due to be remanded. They continue to maintain, however, that Count II is a fraud claim and should be severed and remanded.

As to Count II, Steube argues that his claim is for violation of Chapter 480-5-5-.36(2) of the Alabama Administrative Code, which requires Defendants to notify the injured employee in writing that he is entitled to reimbursement for expenses as stated in the workers' compensation laws of Alabama. Steube also points to a different portion of the same regulation which provides that disputes regarding reimbursement for incurred expenses should be first directed to the employer and then employees may contact the workers' compensation division if there are problems with payment and contact with the employer is fruitless. §480-5-5-.36 (5). Steube

3

argues that because the Workers Compensation Act provides a mechanism for an employee to seek assistance, the present dispute arises under the workers' compensation laws. Steube contends that state workers' compensation law is an element of the claim in Count II and the source of the duty imposed on the Defendants.

On its face, Steube's claim in Count II has a relationship with workers' compensation laws because the count specifically invokes a section of the Alabama Administrative Code regarding workers' compensation to establish a duty to Steube. The question before this court, therefore, is whether that is sufficient for the claim to arise under workers' compensation law. That inquiry is decided using federal, not state, law. *See Reed*, 206 F.3d at 1059; *Subra v. CMS Therapies, Inc*., 900 F. Supp. 407, 411 (M.D. Ala. 1995).

In *Reed*, the Eleventh Circuit resolved the issue of whether an Alabama statutory retaliatory discharge claim arises under Alabama workers' compensation laws. *Id.* at 1060. In holding that such claim does arise under the state workers' compensation law, the court explained that the statutory retaliation provision is an integral part of the workers' compensation regime, was codified with the remaining workers' compensation laws, and encourages workers to file compensation claims. *Id.* In its opinion, the court found that the statute fell within the plain meaning of meaning of §1445(c). *Id.* While the court distinguished cases analyzing whether retaliation tort claims could arise under the workers' compensation statute, other courts within this district have concluded after *Reed* that tort claims can arise under the workers' compensation laws if they exist by virtue of the statutory authority within the Alabama workers' compensation laws. *See CGI Techs. & Sols., Inc. v. Butter & Egg Adventures, LLC,* No. 2:16-CV-20-MHT-SRW, 2016 WL 6802498, at *3 (M.D. Ala. Sept. 1, 2016), *report and recommendation adopted*,

4

No. 2:16CV20-MHT, 2016 WL 6804887 (M.D. Ala. Nov. 15, 2016)*; Alabama Home Builders Ins. Fund v. Project Builders, Inc.*, No. 3:12cv153-CSC, 2012 WL 2359402, at *3 (M.D. Ala. June 20, 2012).

While the Eleventh Circuit has not interpreted the language "arising under the workmen's compensation laws" in §1445, other courts have found that language to mean the same as "arising under" does in 28 U.S.C. §1331. *See Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991); *Payne v. J.B. Hunt Transport, Inc.*, 154 F. Supp. 3d 1310 (M.D. Fla. 2016); *Alabama Home Builders Ins. Fund,* 2012 WL 2359402 at *3.

In the Eleventh Circuit, "arising under" for purposes of §1331, means the law creates the cause of action, or a substantial disputed issue of the law is a necessary element of the claim. *See Pacheco de Perez v. AT & T Co*., 139 F.3d 1368, 1373 (11th Cir. 1998). Applying that standard to §1445(c), the court explained in *Payne* that a statute can arise under workers' compensation laws if the workers' compensation law creates a cause of action that usurps a traditional common law action or if the statute operates as a necessary element to a tort claim. *Payne*, 154 F. Supp. 3d at 1315; *see also Alabama Home Builders Ins. Fund,* 2012 WL 2359402 at *3. If, on the other hand, the duty owed is a general duty that can apply in a "broad spectrum of relationships," the claims are only related to the workers' compensation statutes and do not arise under them. *Patin v Allied Signal, Inc*., 77 F.3d 782, 788 (5th Cir. 1996); *see also Moore v. CAN Foundation*, 472 F. Supp. 2d 1327, 1331 n.* (M.D. Ala. 2007).   If the facts involved in a workers' compensation claim and a tort claim are the same, that merely means that the tort claims are "related to," not arising under, workers' compensation law. *Sasser v. Ryder Truck Rental*, No. 2:06cv593-CSC, 2008 WL 45736, at *6 (M.D. Ala. Jan. 2, 2008).

5

Steube has brought a claim which alleges that Alabama Administrative Code, §480-5-5-.36(2), establishes a duty to notify him in writing that he is entitled to reimbursement for certain expenses provided for by the workers' compensation statute. The Defendants state that this is a common law tort claim, but Steube states in his brief that he does not agree with that characterization. (Doc. #( at p.3).[3]  He interprets his Count II claim as one "based on the statutory and regulatory duty imposed by the State of Alabama on Defendants to pay for mileage costs to and from medical and rehabilitation providers and to have notified the Plaintiff in writing that he was entitled to those benefits." (Doc. #9 at p.3).

In view of Steube's characterization of his claim and his specific reliance on state statutory and regulatory workers' compensation law, the claim in Count II can be viewed as a tort claim with the element of duty and the requirement of a written disclosure specifically provided by regulation which relates to the workers' compensation statute. Although federal law is controlling, the court notes that the regulation at issue and sections of the workers' compensation statutes have been interpreted together by Alabama courts in evaluating medical expenses due under the "comprehensive law." *See Page v. S. Care, Inc.*, No. 2150451, 2016 WL 4938180, at *4 (Ala. Civ. App. Sept. 16, 2016).

Count II could also be viewed as a claim for damages due to a violation of the workers' compensation regulation. The court notes that the Defendants have argued that the regulatory section relied upon does not grant a right of action for its enforcement. That is an argument,

---

3 This difference in characterization distinguishes this case from *Lamar v. Home Depot*, 907 F. Supp. 2d 1311 (S.D. Ala. 2012) and others in which the plaintiff accepted a characterization of the claims as common law tort claims. *See also Payne*, 154 F. Supp. 3d at 1314 n.2 (noting that the plaintiff admitted that his claim was not a claim for workers' compensation benefits but was a common law claim).

however, upon which the Defendants may ultimately prevail on a dispositive motion, but is one to be decided by the state courts. *See Subra v. CMS Therapies, Inc.*, 900 F. Supp. 407, 411 (M.D. Ala. 1995) (stating that because the plaintiff has chosen to limit her claim to a workers' compensation claim she "will only prevail if she can prove her case as set forth in that statute.").

Bearing in mind that the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear, s*ee Burns*, 31 F.3d at 1095, the court concludes that because accepting the Plaintiff's description of his claim in Count II means that it, like Count I, arises under the workers' compensation laws of Alabama, this case is not removable.

### IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Remand (Doc. #3) is GRANTED.

2. The Clerk is DIRECTED to take the necessary steps to remand this case to the Circuit Court of Montgomery County, Alabama.

DONE this 8th day of February, 2017.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE